IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNALIWEAR, INC<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br><br>Defendants. | Civil Action No. 2:25-cv-01214-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S UNOPPOSED MOTION TO STAY ACTION PENDING ITC DETERMINATION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") move, pursuant to 28 U.S.C. § 1659, to stay all proceedings in the above-captioned case with respect to United States Patent Nos. 10,051,410 ("the '410 patent") and 10,687,193 ("the '193 patent") until a parallel proceeding before the United States International Trade Commission ("ITC") becomes final, including all appeals. Plaintiff UnaliWear, Inc. ("UnaliWear") does not oppose the relief sought in this motion filed by Samsung.

UnaliWear brought this patent suit against Samsung on December 12, 2025, alleging infringement of the '410 patent and the '193 patent. On the same day, UnaliWear also filed a complaint with the ITC under Section 337 of the Tariff Act of 1930, alleging Samsung, among others, respectively infringes the '410 patent and the '193 patent. UnaliWear filed supplements to their complaint with the ITC on December 31, 2025 and January 5, 2026. The ITC instituted *Certain Wearable Devices with Fall Detection and Components Thereof*, Inv. No. 337-TA-1477

("the ITC Investigation") on January 12, 2026, when the Notice of Investigation was published in the Federal Register. *See* Notice of Institution of Investigation, 91 Fed. Reg. 1197–98 (Jan. 12, 2026).

Pursuant to 28 U.S.C. § 1659 and the inherent powers of the Court to manage its docket, Samsung requests that the Court stay this action against Samsung with respect to the '410 patent and the '193 patent until the resolution of the ITC Investigation between UnaliWear and Samsung, among others, including all appeals. According to the statute, a district court shall stay any infringement proceeding pending parallel proceedings in the ITC when three factual prerequisites are met: (1) the civil action involves the parties that are also parties to a proceeding before the ITC; (2) the civil action involves the same issues as proceedings before the ITC; and (3) the request for a stay is made within 30 days of the ITC's institution of an investigation. 28 U.S.C. § 1659; *see also In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007) ("The purpose of § 1659 is to prevent separate proceedings on the same issues occurring at the same time.").

Here, all three requirements for a statutory stay are met. First, UnaliWear is the plaintiff here and the complainant in the ITC Investigation, and Samsung is the defendant here and a respondent in the ITC Investigation. Second, the issues in this action involve the same issues as those in the ITC Investigation because UnaliWear asserts the '410 patent and the '193 patent against the same Samsung products in both actions. Third, Samsung made this request for stay within 30 days of the ITC's institution of its investigation.

For the foregoing reasons, Samsung respectfully requests the Court enter the attached proposed order and stay all proceedings in this action against Samsung with respect to the '410 patent and the '193 patent until the resolution of the ITC Investigation between UnaliWear and Samsung, among others, including all appeals.

Dated: January 21, 2026                              Respectfully submitted,

                                                    By:   */s/ Melissa R. Smith*

                                                    Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics, Co., Ltd. and*
*Samsung Electronics America, Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Samsung conferred with counsel for UnaliWear on January 19, 2026, in a good-faith effort to resolve the matter presented herein, and counsel for UnaliWear stated that it did not oppose this motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 21, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Melissa R. Smith*
Melissa R. Smith

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNALIWEAR, INC<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br><br>    Defendants. | Civil Action No. 2:25-cv-01214-RWS-RSP |

**ORDER GRANTING DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S UNOPPOSED MOTION TO STAY ACTION PENDING ITC DETERMINATION**

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Unopposed Motion to Stay Action Pending ITC Determination. The Court, having considered the same, is of the opinion the motion should be and hereby is GRANTED.